Dakota Pearce (WSBA #57011)
BUCHALTER
1420 5th Avenue, Suite 3100
Seattle, Washington 98101
Telephone: (206) 319-7052
Email: dpearce@buchalter.com

Bernard D. Bollinger, Jr. (CA SBN: 132817)*
Julian I. Gurule (CA SBN: 251260)*
Khaled Tarazi (AZ SBN: 032446)*
BUCHALTER
1000 Wilshire Blvd., Suite 1500
Los Angeles, California 90017
Telephone: (213) 891-0700
Email: bbollinger@buchalter.com
        jgurule@buchalter.com
        ktarazi@buchalter.com

*Admitted *Pro Hac Vice*

*Counsel to Debtors and Debtors in
Possession*

HONORABLE WHITMAN L. HOLT

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Chapter 11 |
| VH WILLOWS TOWNHOMES, LLC, | Case No. 23-01262-WLH11 |
| Debtor. | Jointly Administered With Case No. 23-01243-WLH11 |
| | **SCHEDULES OF ASSETS AND LIABILITIES** |

**VH WILLOWS TOWNHOMES, LLC, SCHEDULES OF ASSETS AND LIABILITIES- 1**

BN 79548681v1

# GLOBAL NOTES, RESERVATION OF RIGHTS, AND STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMER REGARDING DEBTORS' SCHEDULES AND SOFAs

iCap Enterprises, Inc., a Washington corporation, and its debtor affiliates (collectively, the "Debtors"), as debtors in possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), have filed their Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "SOFAs") with the United States Bankruptcy Court for the Eastern District of Washington (the "Bankruptcy Court"). The Debtors, with the assistance of their advisors, prepared the Schedules and SOFAs in accordance with section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

The Debtors are contemporaneously filing these *Global Notes, Reservation of Rights, and Statement of Limitations, Methodology and Disclaimer Regarding the Debtor's Schedules and SOFAs* (the "Global Notes") as a supplement to and integral part of their Schedules and SOFAs. These are incorporated by reference into each of the Schedules and SOFAs and should be reviewed in connection with any review of the Schedules and SOFAs.

In preparing the Schedules and SOFAs, the Debtors relied on financial data derived from their books and records that were available at the time of such preparation. The Schedules and SOFAs reflect the Debtors' reasonably best efforts to report their assets and liabilities, based on their current books and records. The Debtors cannot be certain, however, that their books and records and/or these Schedules and SOFAs are valid, complete, accurate, or reliable. Among other things:

      1.      Certain of the Debtors' books and records and financial statements have not historically been the subject of an audit.

      2.      At various times (including the period leading to the Petition Date), the Debtors did not employ or retain a full-time Chief Financial Officer or similar executive with responsibility with respect to their finances and books and records.

IN ADDITION TO THE FOREGOING, PARTIES REVIEWING THE SCHEDULES AND SOFAS SHOULD BE ADVISED THAT CERTAIN OF THE DEBTORS' FORMER INSIDERS, INCLUDING THEIR FORMER CHIEF EXECUTIVE OFFICER, ARE THE SUBJECTS OF PENDING ALLEGATIONS INVOLVING FRAUDULENT MISREPRESENTATIONS. THE DEBTORS ARE NOW UNDER THE SOLE MANAGEMENT AND CONTROL OF A NEWLY INSTALLED CHIEF EXECUTIVE OFFICER (the "CRO"), BUT THE CRO HAS HAD LIMITED TIME AND RESOURCES TO REVIEW AND VALIDATE THE DEBTORS' BOOKS AND RECORDS. The Debtors cannot be certain that their books and records and/or these Schedules and SOFAs are valid, complete, accurate, or reliable, and by executing the Schedules and SOFAs, the Debtors and their CRO do not make any representation, warranty or assurance as to the foregoing.

23-01262-WLH11    Doc 5    Filed 11/15/23    Entered 11/15/23 21:38:26    Pg 2 of 26

Nothing contained in the Schedules and SOFAs shall constitute a waiver of any of the Debtors' rights or an admission with respect to their Chapter 11 Cases, including, without limitation, any issues involving equitable subordination, defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant applicable laws to recover assets or avoid transfers.

**Totals**

All total figures in the Schedules and SOFAs represent the sum of all known amounts stated in the Schedules and SOFAs. To the extent there are disputed, contingent, unliquidated, or otherwise undetermined amounts, the actual total may materially differ. The indication of an amount as "unknown," "disputed," "contingent," "unliquidated," or "undetermined" is not intended to reflect that such amount is immaterial.

**No Admission**

Nothing contained in the Schedules and SOFAs is intended or should be construed as an admission to the validity of any claim against the Debtors or a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense as appropriate.

**Recharacterization**

Notwithstanding that the Debtors have made reasonable best efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and SOFAs, the Debtors may have improperly characterized, classified, categorized or designated certain items. The Debtors reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and SOFAs as necessary or appropriate.

**Liabilities**

The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and SOFAs. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. The Debtors reserve all rights to modify, amend, or supplement the Schedules and SOFAs as necessary or appropriate.

The liabilities listed on these Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.

**Leases**

Nothing in the Schedules or SOFAs (including, without limitation the failure to list leased property or equipment as "owned") is, or shall be construed as, an admission as to the determination of legal status of any lease (including whether any lease is a "true lease" or "disguised financing"), and the Debtors reserve all their rights with respect to such issues.

**Claims of Third-Party Related Entities**

Although the Debtors have made reasonable efforts to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated and/or contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities. Therefore, to the extent that the Debtors have classified claims of a creditor as disputed, unliquidated and/or contingent, all claims of such creditor's affiliates listed in the Schedules shall similarly be considered as disputed, unliquidated and/or contingent, whether they are designated as such.

**Debtor Alias**

Debtor iCap Pacific Development LLC was formerly known as iCap Development LLC. References in the Debtors' books and records to iCap Development LLC have been changed to reflect its current name.

## SPECIFIC DISCLOSURES WITH RESPECT TO THE DEBTORS' SCHEDULES

**Schedule A/ B**

Except with respect to real property or as otherwise set forth herein, the amounts listed on Schedule A or Schedule B represent the value of each Debtor's assets as reflected in the Debtor's books and records (net of depreciation or amortization where applicable). The Debtors have not completed an independent review of the value of these assets. The actual value of the assets listed may differ significantly from the amounts reflected in each the Schedules and SOFAs.

**Schedule A/B Q3 (iCap Campbell Way LLC):** Cash listed is comprised of proceeds of that certain Promissory Note, dated September 13, 2023, by and between various of the Debtors and Serene Investment Management, LLC (which note was subsequently repaid under that certain Debtor-In-Possession Loan and Security Agreement, dated October 3, 2023 by and between Serene Investment Management, LLC and the Debtors). Proceeds were paid to iCap Campbell Way LLC on behalf of multiple Debtors.

**Schedule A/B Q3 (Senza Kenmore LLC):** Cash for this Debtor is collateral for a construction-related bond.

**Schedule A/B Q10, Q71 and Q77:** Responses to Q10 (accounts receivable) are limited to AR owed by third parties that are unrelated to the Debtors or their affiliates. With respect to obligations

owed by parties related to the Debtors or their affiliates: (i) notes receivable listed on Q71 are comprised of documented and recorded deeds of trust, and (ii) intercompany notes that are not recorded or otherwise documented in standalone agreements are reflected on Schedule A/B Q77.

**Schedule A/B Q77 (iCap Investments, LLC):** According to books and records for iCap Investments, LLC, the Debtors' owner and former CEO, Chris Christensen owes a note receivable totaling $3,085,897.00. This obligation arises from expenses incurred in connection with development and construction of real property located in Issaquah, Washington. These amounts were paid to Mr. Christensen, who then remitted the expenses to the ultimate payees (e.g., contractors and suppliers). The Debtors and former CEO have discussed these payments and the existing note receivable with Mr. Christensen. Mr. Christensen believes that these expenses should not have been recorded on the Debtors' books and records as a note receivable, and disputes the validity and/or enforceability of the receivable. The Debtors are continuing to investigate the genesis and validity of this receivable.

**Schedule A/B Q74 and Q75:** The Company's books and records do not reflect any causes of action. The Debtors are investigating whether causes of action exist. Omission of a cause of action in this Schedule is not intended to, and should not be construed as, a waiver or inference that causes of action do not exist.

**Schedule D:** Claims reflected herein are scheduled based on a combination of recent title reports and other supporting documentation for the Debtors' known real estate assets. The Debtors are aware that certain of the Debtors' investor-related obligations were characterized or otherwise marketed as secured. The Debtors' books and records, however, do not reflect these Claims as secured, and the Debtors are not aware of any perfected security interests with respect to those Claims. The investor-related obligations are, therefore, reflected as general unsecured claims on Schedule F.

**Schedule F:** General unsecured claims are scheduled based on the Debtors' books and records. The Debtors' ordinary course efforts to maintain books and records ceased in March 2023. The Debtors have attempted to update books and records for activity between March 2023 and the Petition Date, but these efforts may not be complete. To the extent new information is discovered, the Debtors will amend these schedules.

**Schedule F (Investor Totals)**: Various of the Debtors reflect investor claims. Totals differ from those reflected in the *Declaration of Lance Miller in Support of First Day Motions* [Dkt. No. 23], because the amounts reflected in the Schedules include some refinements on interest calculations.

## SPECIFIC DISCLOSURES WITH RESPECT TO THE DEBTORS' SOFAs

**SOFA Q3:** Intercompany payments are not reflected on this disclosure, because the Debtors' current understanding is that intercompany transfers were not on account of existing debts.

**SOFA Q11**: Payments to the Debtors' professionals are reflected on the Statements for the Debtors whose bank accounts made the transfers at issue. Those transfers, in some instances, were

on behalf of other Debtors. The Debtors have not completed an accounting to determine how these payments should be allocated across the various Debtor entities.

**SOFA Q30:** The Debtors' books and records reflect some payments to or on behalf of insiders that appear to be erroneously entered. This SOFA disclosure does not reflect those entries. To the extent the Debtors determine that those entries were, in fact, legitimate, the Debtors will amend this disclosure to reflect them.

## <u>Right to Amend and/or Supplement</u>

The Debtors reserve the right to amend and/or supplement the Schedules and SOFAs as may be necessary or appropriate.

## General Disclaimer

The Debtors have prepared the Schedules and SOFAs based on the information reflected in the Debtors' books and records. However, inasmuch as the Debtors' books and records have not been audited, the Debtors cannot warrant the absolute accuracy of these documents. The Debtors have made a diligent effort to complete these documents accurately and completely. To the extent additional information becomes available, the Debtors will amend and supplement the Schedules and SOFAs.

The Debtors and their officers, employees, agents, attorneys and financial advisors do not guarantee or warrant the accuracy, completeness or timeliness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused, in whole or in part, by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein. The Debtors and their officers, employees, agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein or to notify any third party should the information be updated, modified, revised or re-categorized. In no event shall the Debtors or their officers, employees, agents, attorneys and financial advisors be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused.

23-01262-WLH11    Doc 5    Filed 11/15/23    Entered 11/15/23 21:38:26    Pg 6 of 26

**Fill in this information to identify the case:**

Debtor name   VH Willows Townhomes, LLC

United States Bankruptcy Court for the: Eastern District of Washington
(State)

Case number (If known): 23-01262

## Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals                    12/15

---

### Part 1:   Summary of Assets

1.  **Schedule A/B: Assets–Real and Personal Property** (Official Form 206A/B)

    1a. **Real property:**
    Copy line 88 from *Schedule A/B* ...........................................................................

    $ 2,757,252.15
    Plus Unknown

    1b. **Total personal property:**
    Copy line 91A from *Schedule A/B* ...........................................................................

    $ Unknown
    Plus Unknown

    1c. **Total of all property:**
    Copy line 92 from *Schedule A/B* ...........................................................................

    $ 2,757,252.15
    Plus Unknown

---

### Part 2:   Summary of Liabilities

2.  **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D* ...........................

    $ 2,389,627.00
    Plus Unknown

3.  **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F* ............................................

    $ 0.00
    Plus Unknown

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* ...............................

    + $ 3,444.01
    Plus Unknown

4.  **Total liabilities** ...........................................................................................................
    Lines 2 + 3a + 3b

    $ 2,393,071.01
    Plus Unknown

**Fill in this information to identify the case:**

Debtor name    VH Willows Townhomes, LLC

United States Bankruptcy Court for the:   Eastern     District of   Washington
                                                (State)

Case number (If known):   23-01262

☐ Check if this is an amended filing

## Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.
   ☑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
| --- | --- |

2. **Cash on hand**                                     $ 0.00

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| --- | --- | --- | --- | --- |
| 3.1. | Umpqua Bank | Checking | 7 5 2 8 | $ 496.29 |
| 3.2. | | | | $ |

4. **Other cash equivalents** *(Identify all)*

| | | | |
| --- | --- | --- | --- |
| 4.1. | N/A | | $ 0.00 |
| 4.2. | | | $ |

5. **Total of Part 1**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.     $ 496.29

| Part 2: | Deposits and prepayments |
| --- | --- |

6. **Does the debtor have any deposits or prepayments?**

   ☑ No. Go to Part 3.
   ☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
| --- | --- |

7. Deposits, including security deposits and utility deposits

Description, including name of holder of deposit

| | | |
| --- | --- | --- |
| 7.1. | | $ |
| 7.2. | | $ |

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

   Description, including name of holder of prepayment

   8.1. _____    $_____

   8.2. _____    $_____

9. **Total of Part 2.**

   Add lines 7 through 8. Copy the total to line 81.

   $_____ 0.00

## Part 3:    Accounts receivable

10. **Does the debtor have any accounts receivable?**

    ☑ No. Go to Part 4.

    ☐ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

11. **Accounts receivable**

    11a. 90 days old or less:    _____  –  _____  = ........➔    $_____
                                 face amount            doubtful or uncollectible accounts

    11b. Over 90 days old:       _____  –  _____  = ........➔    $_____
                                 face amount            doubtful or uncollectible accounts

12. **Total of Part 3**

    Current value on lines 11a + 11b = line 12. Copy the total to line 82.

    $_____ 0.00

## Part 4:    Investments

13. **Does the debtor own any investments?**

    ☑ No. Go to Part 5.

    ☐ Yes. Fill in the information below.

|  | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**

    Name of fund or stock:

    14.1. _____    _____    $_____

    14.2. _____    _____    $_____

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

    Name of entity:                              % of ownership:

    15.1. _____    _____%    _____    $_____

    15.2. _____    _____%    _____    $_____

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

    Describe:

    16.1. _____    _____    $_____

    16.2. _____    _____    $_____

17. **Total of Part 4**

    Add lines 14 through 16. Copy the total to line 83.

    $_____ 0.00

## Part 5: Inventory, excluding agriculture assets

18. **Does the debtor own any inventory (excluding agriculture assets)?**

    ☑ No. Go to Part 6.

    ☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---------------------|-------------------------------------|-------------------------------------------------------|------------------------------------------|-------------------------------------|
| **19. Raw materials** | | | | |
| _____ | _____ MM / DD / YYYY | $_____ | _____ | $_____ |
| **20. Work in progress** | | | | |
| _____ | _____ MM / DD / YYYY | $_____ | _____ | $_____ |
| **21. Finished goods, including goods held for resale** | | | | |
| _____ | _____ MM / DD / YYYY | $_____ | _____ | $_____ |
| **22. Other inventory or supplies** | | | | |
| _____ | _____ MM / DD / YYYY | $_____ | _____ | $_____ |

23. **Total of Part 5**

    Add lines 19 through 22. Copy the total to line 84.

    $_____ 0.00

24. **Is any of the property listed in Part 5 perishable?**

    ☐ No

    ☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

    ☐ No

    ☐ Yes. Book value _____ Valuation method _____ Current value _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

    ☐ No

    ☐ Yes

## Part 6: Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

    ☑ No. Go to Part 7.

    ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---------------------|-------------------------------------------------------|------------------------------------------|-------------------------------------|
| **28. Crops—either planted or harvested** | | | |
| _____ | $_____ | _____ | $_____ |
| **29. Farm animals** Examples: Livestock, poultry, farm-raised fish | | | |
| _____ | $_____ | _____ | $_____ |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| _____ | $_____ | _____ | $_____ |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| _____ | $_____ | _____ | $_____ |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| _____ | $_____ | _____ | $_____ |

23-01262-WLH11    Doc 5    Filed 11/15/23    Entered 11/15/23 21:38:26    Pg 10 of 26

33. **Total of Part 6.**

Add lines 28 through 32. Copy the total to line 85.

$_____0.00

34. **Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

    ☐ No

    ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes. Book value $_____  Valuation method _____  Current value $_____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 7:   Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | $_____ | _____ | $_____ |
| 40. **Office fixtures** | $_____ | _____ | $_____ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | $_____ | _____ | $_____ |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 _____ | $_____ | _____ | $_____ |
| 42.2 _____ | $_____ | _____ | $_____ |
| 42.3 _____ | $_____ | _____ | $_____ |

43. **Total of Part 7.**

Add lines 39 through 42. Copy the total to line 86.

$_____0.00

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

23-01262-WLH11   Doc 5   Filed 11/15/23   Entered 11/15/23 21:38:26   Pg 11 of 26

| Part 8: | Machinery, equipment, and vehicles |
|---------|-----------------------------------|

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description<br><br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 _____ | $_____ | _____ | $_____ |
| 47.2 _____ | $_____ | _____ | $_____ |
| 47.3 _____ | $_____ | _____ | $_____ |
| 47.4 _____ | $_____ | _____ | $_____ |
| 48. **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1 _____ | $_____ | _____ | $_____ |
| 48.2 _____ | $_____ | _____ | $_____ |
| 49. **Aircraft and accessories** | | | |
| 49.1 _____ | $_____ | _____ | $_____ |
| 49.2 _____ | $_____ | _____ | $_____ |
| 50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| _____ | $_____ | | $_____ |

51. **Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

$_____ 0.00

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

23-01262-WLH11    Doc 5    Filed 11/15/23    Entered 11/15/23 21:38:26    Pg 12 of 26

## Part 9: Real property

54. **Does the debtor own or lease any real property?**

☐ No. Go to Part 10.

☑ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 Condominium Unit-4906 A Willow St Seattle, WA 98118 | Fee Simple | $ TBD-Mkt Value | N/A | $ Unknown |
| 55.2 Condominium Unit-4910 B Willow St Seattle, WA 98118 | Fee Simple | $ TBD-Mkt Value | N/A | $ Unknown |
| 55.3 Condominium Unit-4912 B Willow St Seattle, WA 98118 | Fee Simple | $ TBD-Mkt Value | N/A | $ Unknown |
| 55.4 Condominium Unit-4918 C Willow St Seattle, WA 98118 | Fee Simple | $ TBD-Mkt Value | N/A | $ Unknown |
| 55.5 | | $ | | $ |
| 55.6 | | $ | | $ |

56. **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$ _____ Unknown

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

☑ No

☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☑ No

☐ Yes

## Part 10: Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | $ | | $ |
| 61. **Internet domain names and websites** | $ | | $ |
| 62. **Licenses, franchises, and royalties** | $ | | $ |
| 63. **Customer lists, mailing lists, or other compilations** | $ | | $ |
| 64. **Other intangibles, or intellectual property** | $ | | $ |
| 65. **Goodwill** | $ | | $ |

66. **Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$ _____ 0.00

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☐ No
☑ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☑ No
☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No
☐ Yes

## Part 11: All other assets

**70. Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.
☑ Yes. Fill in the information below.

| | | Current value of debtor's interest |
|---|---|---|

**71. Notes receivable**

Description (include name of obligor)

N/A _____ Total face amount — _____ doubtful or uncollectible amount = → $ 0.00

**72. Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

N/A

Tax year _____ $ 0.00
Tax year _____ $
Tax year _____ $

**73. Interests in insurance policies or annuities**

N/A $ 0.00

**74. Causes of action against third parties (whether or not a lawsuit has been filed)**

N/A $ 0.00

Nature of claim _____
Amount requested $ _____

**75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

N/A $ 0.00

Nature of claim _____
Amount requested $ _____

**76. Trusts, equitable or future interests in property**

N/A $ 0.00

**77. Other property of any kind not already listed** Examples: Season tickets, country club membership

Intercompany Receivable from iCap Vault 1, LLC $ 2,756,755.86
$

**78. Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90. $ 2,756,755.86

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No
☐ Yes

| Part 12: | Summary |
|---|---|

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $496.29 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.* .......................................... ➡ | | $ Unknown |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $2,756,755.86 | |
| 91. **Total.** Add lines 80 through 90 for each column**.** ...........................91a. | $2,757,252.15 | + 91b. $ Unknown |

92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ............................................   $  2,757,252.15

23-01262-WLH11    Doc 5    Filed 11/15/23    Entered 11/15/23 21:38:26    Pg 15 of 26

Official Form 206D

☐ Check if this is an amended filing

# Schedule D: Creditors Who Have Claims Secured by Property    12/15

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

**Part 1:**    **List Creditors Who Have Secured Claims**

**2. List in alphabetical order all creditors who have secured claims.**

If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | *Column A* **Amount of Claim** Do not deduct the value | *Column B* **Value of collateral that supports this claim** |
|---|---|---|---|

**2.1**

**s1124**

**Creditor's name**

**LIMA ONE CAPITAL**

**Creditor's Mailing Address**

**3960 HOWARD HUGHES PKWY, #500**
**LAS VEGAS, NV  89119**

**Creditor's email address, if known**

**Date debt was incurred**

**Last 4 digts of account number**

**Do multiple creditors have an interest in the same property?**

☑ No

☐ Yes. Have you already specified the relative priority?

    ☑ No. Specify each creditor, including this creditor and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

**Describe debtor's property that is subject to a lien**

**REAL PROPERTY**

Amount of Claim: $2,389,627.00

Value of collateral: UNKNOWN

**Describe the lien**

**REAL PROPERTY**

**Is the creditor an insider or related party?**

☑ No

☐ Yes

**Is anyone else liable on this claim?**

☐ No.

☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**

Check all that apply.

☑ Contingent
☑ Unliquidated
☑ Disputed

| **Part 2:** | **List Others to Be Notified for a Debt Already Listed in Part 1** |
|---|---|

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digts of account number for this entity |
|---|---|---|

| Part 3: | Total Amounts of the Claims Secured by Property |
|---------|------------------------------------------------|

| | Total of Claim Amounts |
|---|---|

**3a. Total of the dollar amounts from Part 1, Column A,
including the amounts from the Additional Page, if any.**      **3a.**      $2,389,627.00

Debtor name **VH Willows Townhomes, LLC**

United States Bankruptcy Court for the: **Eastern**   District of   **Washington**

(State)

Case number (If known):   **23-01262**

<u>Official Form 206E/F</u>

☐ Check if this is an
amended filing

# Schedule E/F: Creditors Who Have Unsecured Claims

**12/15**

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

| Part 1: | All Creditors with PRIORITY Unsecured Claims |
|---|---|

**1. Do any creditors have priority unsecured claims?**

☑ No. Go to Part 2

☐ Yes

**Total Claim**   **Priority Amount**

2. ‖   **Priority creditor's name and mailing address**

**As of the petition filing date, the claim is:**

Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**

**Basis for the claim:**

**Last 4 digts of account number**

**Specify Code subsection of PRIORITY unsecured**

**claim: 11 U.S.C. § 507(a) (_____)**

**Is the claim subject to offset?**

☐ No
☐ Yes

**VH Willows Townhomes, LLC**
_____
Debtor Name

23-01262
_____
Case Number (if known)

| **Part 2:** | **All Creditors with NONPRIORITY Unsecured Claims** |

Copy this page only if more space is needed. Continue numbering the lines sequentially from the
previous page.  If no additional PRIORITY creditors exist, do not fill out or submit this page.           **Amount of Claim**

**3.  List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority
     unsecured claims, fill out and attach the Additional Page of Part 2.**

| 3.1 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $165.00 |
|---|---|---|---|
| s1228 | HEB BUSINESS SOLUTIONS<br>375 SOUTH 300 WEST<br>SALT LAKE CITY, UT  84101 | Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date or dates debt was incurred | Basis for the claim:   TRADE PAYABLE | |
| | Last 4 digts of account number | | |
| | | Is the claim subject to offset?<br>☑ No<br>☐ Yes | |

| 3.2 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $776.69 |
|---|---|---|---|
| s1229 | HULTQUIST HOMES INC<br>12570 OLD SEWARD HWY<br>ANCHORAGE, AL  99515 | Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date or dates debt was incurred | Basis for the claim:   TRADE PAYABLE | |
| | Last 4 digts of account number | | |
| | | Is the claim subject to offset?<br>☑ No<br>☐ Yes | |

| 3.3 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $1,730.57 |
|---|---|---|---|
| s1230 | KING COUNTY FINANCE<br>201 S JACKSON ST STE 710<br>SEATTLE, WA  98104 | Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date or dates debt was incurred | Basis for the claim:   TRADE PAYABLE | |
| | Last 4 digts of account number | | |
| | | Is the claim subject to offset?<br>☑ No<br>☐ Yes | |

| 3.4 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $275.63 |
|---|---|---|---|
| s1231 | PROVIDENT ELECTRIC, INC.<br>PO BOX 7087<br>COVINGTON, WA  98042 | Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date or dates debt was incurred | Basis for the claim:   TRADE PAYABLE | |
| | Last 4 digts of account number | | |
| | | Is the claim subject to offset?<br>☑ No<br>☐ Yes | |

Official Form 206E/F                    Schedule E/F: Creditors Who Have Unsecured Claims                    page 2 of 5

23-01262-WLH11     Doc 5     Filed 11/15/23     Entered 11/15/23 21:38:26     Pg 20 of 26

## Part 2: All Creditors with NONPRIORITY Unsecured Claims

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional PRIORITY creditors exist, do not fill out or submit this page.**

**Amount of Claim**

| | | |
|---|---|---|
| 3.5 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: $496.12 |
| s1232 | **RAFAEL URREA O (HAPPYHANDYMAN)**<br>**3836 RENTON AVE S**<br>**SEATTLE, WA 98108** | Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |
| | **Date or dates debt was incurred** | **Basis for the claim:** TRADE PAYABLE |
| | **Last 4 digts of account number** | **Is the claim subject to offset?**<br>☑ No<br>☐ Yes |

## Part 3: List Others to Be Notified About Unsecured Claims

List in alphabetical order any others who must be notified for claims already listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 or Part 2 did you enter the related creditor? | Last 4 digts of account number for this entity |
|---|---|---|

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | **Total of Claim Amounts** |
|---|---|---|
| **5a. Total Claims from Part 1** | 5a. | $0.00 |
| **5b. Total Claims from Part 2** | 5b. + | $3,444.01 |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $3,444.01 |

23-01262-WLH11    Doc 5    Filed 11/15/23    Entered 11/15/23 21:38:26    Pg 23 of 26

Debtor name  VH Willows Townhomes, LLC

United States Bankruptcy Court for the:  **Eastern**  District of  **Washington**
(State of)

Case Number (if known):  **23-01262**  Chapter  **11**

☐ Check if this is an
amended filing

## Official Form 206G

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES                    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property
(Official Form 206A/B).

| 2. List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2. 1 | State what the contract or lease is for and the nature of the debtor's interest | PROPERTY MANAGEMENT | JMW GROUP \| WINDERMERE PROPERTY MANAGEMENT<br>210 SUMMIT AVE E<br>SEATTLE, WA  98102 |
| | State the term remaining | | |
| | List the contract number of any government contract | | |

Fill in this information to identify your case:

| Debtor 1 | **VH Willows Townhomes, LLC** | | |
|---|---|---|---|
| United States Bankruptcy Court for the: | **Eastern** | District of | **Washington** |
| | | | (State of) |
| Case Number (if known): | **23-01262** | Chapter | **11** |

☐ **Check if this is an amended filing**

## Official Form 206H

## SCHEDULE H - CODEBTORS                                                    12/15

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

**1. Do you have any codebtors?**

☐ No   Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☑ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G. Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.**

| | Column 1: Codebtor Name and Mailing Address | Column 2: Creditor Name | Check all schedules that apply: |
|---|---|---|---|
| 2.1 | CHRISTOPHER J CHRISTENSEN 27112 SE GRAND RIDGE DRIVE ISSAQUAH, WA 98029 | LIMA ONE CAPITAL | ☑ D<br>☐ E/F<br>☐ G |

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ *Other document that requires a declaration*_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___11/15/2023___
MM / DD / YYYY

✖ ___/s/ Lance Miller___
Signature of individual signing on behalf of debtor

___Lance Miller___
Printed name

___Manager___
Position or relationship to debtor